## SHERMER v. RUSLING ET AL.

June 29, 1833.

*Appeal from the prothonotary's taxation of costs.*

Where, in a cause in which there are a number of defendants, and in which, the plaintiff having referred it under the act of 20th of March 1810 and the award is for the defendants, the plaintiff appeals, and the verdict is also for the defendants; *each person* defendant attending court for the purpose of, or during, the trial is not, respectively, entitled to one dollar per day for his attendance.

The allowance is to be one dollar per day for *all* the defendants, where one, at least, or more, attends for the purpose of, or during, the trial.

THIS was an action on the case brought to March term 1830, No. 182, by *Anthony Shermer* against *Joseph Rusling* and eighteen other persons.   The plaintiff entered a rule of reference under the act of 1810; arbitrators were duly appointed, and they made an award in favour of the defendants.   The plaintiff appealed.   On the trial of the cause (before PETTIT, J.), which occupied twenty-one days, the verdict was for the defendants.   The defendants thereupon filed " a bill of defendants' costs" amounting altogether to the sum of 581 dollars and 92 cents, in which was charged one dollar per day for the attendance of every defendant who attended court for the purpose of trial, or during the trial.   On an order to retain the costs, and the usual notice to the adverse party, the prothonotary taxed the bill and rejected this charge, allowing only one dollar per day to all the defendants, where one at least, or more, attended for the purpose of or during the trial.

From this taxation the defendants appealed on the 17th of May

[Shermer v. Rusling.]

1833, and filed an exception, "that the prothonotary had not allowed the charge in the defendants' bill of one dollar per day for the attendance of each and every individual defendant, who attended court for the purpose of or during the trial."

*Randall* and *P. A. Browne,* for the exceptions, referred to the 12th, 13th and 14th sections of the act of 20th of March 1810, *Purd. Dig., tit. Arbitration,* and argued, that both from the letter and spirit of the act, *each* defendant should be compensated for his daily attendance. The provision of the act, that " he (the plaintiff) shall pay one dollar per day for each and every day lost by the defendant in attending on such appeal," intends that the word *each* shall refer to the number of the defendants, and the word *every* to the number of days. The legislature meant to discourage appeals, and to inflict this as a penalty on a plaintiff who should frivolously or unjustly appeal.   It was intended also to indemnify each person who might be a defendant, for "each day lost," that is to say, to designate a compensation for the loss of time.   The attendance of each defendant may be material to the trial of the issue.   The word *party,* used in the act, means more than an unit of all the plaintiffs, or all the defendants, if more than one.   This is the spirit of the whole act.   The 19th section inflicts a penalty " on *either* of the parties" who shall attempt to corrupt the arbitrators.   By the 21st section, the arbitrators may punish *either* of the parties ; and by the act of 28th of March 1820, the right or power to withdraw the appeal is referred to the *person.* These provisions negative the idea that the term *party* in the act is used as intending an unit of the defendants or plaintiffs.   They cited, Tryon *v.* Miller, *MSS. Dist. C.* ; 8 *Serg. & Rawle* 157 ; 1 *Browne's Rep.* 225.

*D. P. Brown* and *Rawle, contra.*

The practice in our courts, in favour of the taxation of the prothonotary, has been uniform ever since the passage of the act of 1810, evidencing the construction of the bar on the subject.   A literal construction of the act shows that the legislature intended, in relation to this question, that any number of plaintiffs or defendants in any cause should be considered as an unit, under the denomination of *party.*   So upon a question of jurisdiction in the federal courts, in cases where the party must be *alien, all* the plaintiffs, or *all* the defendants must be alien.   *Sergeant on Const. Law* 103.   The law,

[Shermer v. Rusling.]

as well by the constitution as by judicial decision, encourages trial by jury, and one mode to reach this is by appeal from the awards of arbitrators. Our compulsory system of arbitration is an innovation on the common law, and construction is therefore not to be its favour. And practically, as any number of individuals on one side are represented as one party in our courts, the action having reference to their joinder, the principle contended for by us is reasonable. They cited Jones *v.* Badger, 5 *Binn.* 462; 5 *Serg. & Rawle* 330; Fotterall *v.* Floyd, 6 *Serg. & Rawle* 320.

PER CURIAM (BARNES, *President*; COXE, J.; and PETTIT, J).— This question depends upon the construction of the 13th section of the act of the 20th of March 1810 (*Purd. Dig., tit. Arbitration*), which provides that "*if the plaintiff be the appellant,* he shall, &c. be bound in recognizance, &c., the condition of which shall be, that if the said plaintiff shall not recover, in the event of the suit, a sum greater or a judgment more favourable than the report of the arbitrators, he shall pay all costs that shall accrue in consequence of said appeal, *and one dollar per day for each and every day lost by the defendant in attending on such appeal, &c.*" It is to be noticed that this section uses the words *the defendant*; and in the previous section, (12th) providing for the appeal itself, the language is, "*the party* appellant, his, her or *their* agent or attorney shall swear, &c." And further, that "*the party*, his, her or *their* agent or attorney shall enter such appeal with the prothonotary, &c.," and throughout speaks of the plaintiffs or defendants respectively as one *party.* It therefore appears to us that the legislature contemplated, for this purpose, all the defendants or all the plaintiffs as a unit. And this construction is consistent with the practice, and reasonable as to the consequences. The parties generally appear by attorney, and it is not often that more than one defendant need attend the trial, there being but one issue and one question to determine. And it would be manifestly unjust if a party could not appeal without the risk of an enormous bill of costs against him in consequence of the number of his adversaries. It is not the law to discourage trial by jury, and we are therefore bound to construe the act liberally in its favour, if it were necessary; but the *words* seem a sufficient warrant for the principle on which we decide the point. We confirm the taxation of the prothonotary.

Appeal and exceptions dismissed.